UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1479 HEA |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Dismiss, [Doc. # 10]. Plaintiff has not filed a response to this motion.[1] For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff is a civilly committed resident of the Missouri Sexual Offender Treatment Center (MSOTC). Plaintiff seeks monetary and other relief for alleged violations of his constitutional rights. The only named defendant is Alan Blake, director of the MSOTC.[2] Plaintiff alleges that defendant is "the C.O.O. of M.S.

---

[1] Pursuant to the Court's Local Rules, failure to respond to a motion may be construed as a concession of the merits of the motion.

[2] Plaintiff's Complaint is styled "Larry Coffman, et al. v. Alan Blake, et al.," however, no other plaintiffs or defendants are named throughout the Complaint. As such, the Court assumes that the only parties are plaintiff Coffman and defendant

O.T.C. and is responsible for the conditions of petitioner's confinement as well as what ward he is confined on." The Complaint is brought against Blake in both his official and individual capacities. With respect to plaintiff's claims, the Complaint alleges that the H-1 Ward has no air exchange system nor any form of ventilation and that it utilizes radiant heating and cooling. It neither has nor is equipped for forced air heating and cooling. Further, plaintiff alleges that the windows are sealed and may never be opened. The Complaint also alleges that no cleaning occurs on weekends or holidays, that the H-1 Ward bathroom has two toilets, three sinks and one shower for seventeen people. Plaintiff alleges that the bathroom and shower are filthy because of respondent's policies and practices.

## **Standard of Review**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb*., 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most

---

Blake.

favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

Defendant moves to dismiss defendant in his official capacity based on the Eleventh Amendment.[3] Absent consent to be sued or Congressional abrogation, the Eleventh Amendment bars federal court actions against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989); *Pennhurst State School*

---

[3] The Eleventh Amendment provides:
The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

*& Hosp. V. Halderman*, 465 U.S. 89, 100-01 (1984). The bar applies whether plaintiff is seeking damages or injunctive relief. *Pennhurst*, 465 U.S. at 100-01. Further, the immunity protects states from suits brought by its own citizens as well as by citizens of another state. *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The Eleventh Amendment likewise bars actions against state officials in their <u>official</u> capacity when the "state is the real substantial party in interest." *Pennhurst*, 465 U.S. at 100-02. The Complaint fails to allege any waiver of sovereign immunity with regard to plaintiff's claims against defendant in his official capacity, and therefore these claims are dismissed.

With regard to plaintiff's claims against defendant in his individual capacity, the claims must also be dismissed. Defendant urges dismissal on the ground that *respondeat superior* cannot form the basis for liability in a Section 1983 action. The Court agrees. It is well settled that respondeat superior cannot form the basis for liability under 42 U.S.C. § 1983. *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997). In order to bring a claim for deprivation of his constitutional rights, plaintiff must allege that defendant was personally involved in the claimed deprivation. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir.

1990); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001)(allegations of defendants personal involvement or responsibility for constitutional violation necessary to state a § 1983 claim.); *Frey v. City of Herculaneum,* 44 F.3d 667, 672 (8th Cir.1995) (civil rights plaintiff cannot pursue section 1983 claim against officials under respondeat superior theory). The sole allegation against defendant is that he is the C.O.O. of MSOTC. There are no allegations in any of plaintiff's alleged constitutional violations that defendant was personally involved. Absent such allegations, plaintiff's complaint fails to state a cause of action against this defendant.

## **Conclusion**

Plaintiff's Complaint fails to state a cause of action against defendant in either his official or his personal capacity. Defendant's Motion to Dismiss must therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [Doc. # 10], is granted.

Dated this 13th day of December, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE